UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,　　　　　　　　　Case No. 24-cr-101-pp

　　　　Plaintiff,

v.

RUMEAL CAMPBELL,

　　　　Defendant.

---

**ORDER DENYING DEFENDANT'S SECOND *PRO SE* MOTION ASKING TO BE TRANSFERRED TO ANOTHER FACILITY (DKT. NO. 167)**

---

　　　　The defendant was arrested on May 31, 2024; he has been in custody since, having been ordered detained by Magistrate Judge Stephen C. Dries (Dkt. No. 10).

　　　　The state of Wisconsin does not have a federal pretrial holding facility. The U.S. Marshals Service has contracts with various local jails, in which the local jails have agreed to house Wisconsin's federal pretrial detainees. The contracts change from year to year, depending on issues like the space available at the local jails and security factors. The defendant currently is detained in the Milwaukee County Jail, one of the local facilities with which the U.S. Marshals Service has a contract. (Dtk. No. 167-1)

　　　　On September 28, 2025, the defendant signed a plea agreement admitting that he was guilty of committing armed robberies of the Family Dollar on West Silver Spring Drive and the BP gas station on West National Avenue, and of using, carrying and brandishing a firearm during the BP

1

robbery. Dkt. No. 146. After the defendant pled guilty, the court scheduled his sentencing hearing for February 19, 2026 at 1:30 in the afternoon. Dkt. No. 154. The court had to schedule the sentencing hearing that far in the future to give the probation office time to prepare a detailed presentence investigation report, which the court will use to learn more about the defendant and to help it determine the appropriate sentence for the defendant.

On December 17, 2025, the court received a letter from the defendant, asking the court to move him to "safer Federal Hold over County Jail" because he did not feel safe. Dkt. No. 165. He advised the court that he had been harassed, robbed of his commissary and threatened with bodily harm; he said the jail was "gang infested." Id. The defendant said that his family had tried to contact his lawyer but that the lawyer did not respond (either to the defendant's family or to the defendant). Id. He advised the court that he did not want to go into protective custody because he'd only be locked up all day "even more." Id.

On December 22, 2025, the court issued a brief, text-only order advising the defendant that he did not have a right to file documents on his own behalf when he's represented by a lawyer, and advising him that if he wanted the court to do something, he needed to make that request through his lawyer. Dkt. No. 165. On December 29, 2025, however, the court received another letter from the defendant. Dkt. No. 167. In this second letter, the defendant reiterates that he's been trying to reach his lawyer (as has his family), with no success. Id. In this second letter, the defendant says that he has been

attacked, accused of "being a snitch" and threatened with death. Id. He says that he wants to be moved to a federal facility; he emphasizes that he does not have any state holds or charges against him. He says, "I don't know how else to complain about the various violations of my rights guaranteed under the U.S. Constitution," and he asks the court to reply promptly or to resolve the issue. Id.

It remains true that the defendant does not have a right to file his own motions when he's represented by a lawyer. But there are other reasons the court cannot grant the defendant's request. As the court has explained, there *are* no federal pretrial holding facilities in Wisconsin. *All* Wisconsin federal pretrial detainees are held in county jails that have contracted with the U.S. Marshals Service (unless they are serving a state sentence or are under a state probation hold, in which case they may be in a state prison or in the Milwaukee Secure Detention Facility). There is no "federal facility" in the state of Wisconsin to which the court could transfer the defendant, even if it had the authority to do so. The closest "federal facility" for federal pretrial detainees is in Chicago.

Nor does this court have the authority to move the defendant to another facility. The U.S. Marshals Service—part of the executive branch of the federal government—is tasked with housing federal pretrial detainees. It is up to the U.S. Marshals Service to make decisions about where to place federal pretrial detainees, based on their security classification, their medical status, their

scheduled court dates and other factors. The court does not have the authority to make housing decisions for pretrial detainees.

The court must deny the defendant's motion, because (a) he does not have a right to file a motion while represented by counsel, (b) there is no federal pretrial holding facility in Wisconsin and (c) the court does not have the authority to make placement decisions for pretrial detainees (or for convicted individuals, for that matter). The court will share this order, and the defendant's letter, with the U.S. Marshals Service so that it is aware of the defendant's concerns. And the defendant's lawyer will receive an electronic copy of this order.

The court **DENIES** the defendant's *pro se* request to be moved to a federal institution. Dkt. No. 167.

Dated in Milwaukee, Wisconsin this 5th day of January, 2026.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**